UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| RAMONE ECHOLS, | ) CASE NO.: C07-0483-MJP |
| Petitioner, | ) |
| v. | ) REPORT AND RECOMMENDATION |
| JOHN GAY, | ) |
| Respondent. | ) |

### INTRODUCTION AND SUMMARY CONCLUSION

Petitioner Ramone Echols proceeds *pro se* and *in forma pauperis* in this 28 U.S.C. § 2254 action. (Dkt. 4.) Respondent submitted a motion to dismiss in lieu of an answer, arguing that petitioner's claims should be dismissed with prejudice as time-barred. (Dkt. 11.) Having reviewed the record in its entirety, including portions of the state court record, the Court recommends that the petition be dismissed with prejudice.

Petitioner challenges his September 1995 conviction on a single count of first degree murder. (Dkt. 11, Ex. 1.) The King County Superior Court sentenced petitioner to 340 months confinement. (*Id.*)

Through counsel, petitioner filed a direct appeal of his conviction on March 29, 1996. (*Id.*,

REPORT AND RECOMMENDATION
PAGE -1

Ex. 2.) The Washington Court of Appeals affirmed the conviction on December 9, 1996. (*Id.*, Ex. 3.) Petitioner failed to file a petition for review. The Washington Court of Appeals issued its mandate on January 31, 1997. (*Id.*, Ex. 4.)

On September 14, 2005, acting *pro se*, petitioner filed a personal restraint petition in the Washington Court of Appeals. (*Id.*, Ex. 5.) He argued that the claims raised were not procedurally barred in light of *In re Personal Restraint of Andress*, 147 Wn.2d 602, 56 P.3d 981 (2002). The Washington Court of Appeals determined that *Andress* did not apply and dismissed the petition as time-barred under RCW 10.73.090. (Dkt. 11, Ex. 6.)

Petitioner filed a motion for discretionary review with the Washington Supreme Court. (*Id.*, Ex. 7.) The Commissioner of the Washington Supreme Court denied review. (*Id.*, Ex. 8.) Petitioner filed a motion to modify the Commissioner's ruling, which the Washington Supreme Court also denied. (*Id.*, Exs. 9-10.)

In a petition dated March 26, 2007, petitioner seeks federal habeas relief in this Court. Respondent argues that these claims are time-barred. For the reasons described below, the Court agrees with respondent.

Section 2254 contains a one-year statute of limitations:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of-
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> . . . .

28 U.S.C. § 2244(d)(1). Under § 2244(d)(1)(A), a judgment becomes final ninety (90) days after entry of the highest state court's decision on direct review, which marks the expiration of the

REPORT AND RECOMMENDATION
PAGE -2

period for filing a petition for a writ of certiorari. *See Bowen v. Roe*, 188 F.3d 1157, 1159 (9th Cir. 1999). The limitation period is tolled for the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending[.]" 28 U.S.C. § 2244(d)(2). State collateral review is considered "pending" and the limitation period tolled from the time the initial application for collateral review is filed until that application is disposed of by the highest state court; it "is not tolled from the time a final decision is issued on direct state appeal and the time the first state collateral challenge is filed because there is no case 'pending' during that interval." *Nino v. Galaza*, 183 F.3d 1003, 1006 (9th Cir. 1999).

In this case, because petitioner did not petition for review following the denial of his direct appeal, his conviction became final on or about January 8, 1997, thirty days after the King County Superior Court clerk filed his sentences on December 9, 1996. *See* 28 U.S.C. § 2244(d)(1) and *Wixom v. Washington*, 264 F.3d 894, 898 (9th Cir. 2001). His one-year statute of limitations under 28 U.S.C. § 2244(d)(1) began to run the following day, on January 9, 1997. *See Corjasso v. Ayers*, 278 F.3d 874, 877 (9th Cir. 2002). Petitioner's statute of limitations ran for over ten years, until March 26, 2007, when he filed his federal habeas petition. Because his September 2005 personal restraint petition was deemed time-barred under RCW 10.73.090, it did not toll the statute of limitations. *See Pace v. DiGuglielmo*, 544 U.S. 408, 417 (2005) ("Because the state court rejected petitioner's PCRA petition as untimely, it was not 'properly filed,' and he is not entitled to statutory tolling under § 2244(d)(2).") Moreover, more than eight years had already passed before petitioner filed that personal restraint petition. Accordingly, petitioner's federal habeas petition is time-barred by 28 U.S.C. § 2244(d)(1).

01  The only recognized exception to the statute of limitations is equitable tolling. *See*
02 *Calderon v. United States Dist. Court (Beeler)*, 128 F.3d 1283, 1288 (9th Cir. 1997), *overruled*
03 *in part on other grounds by Calderon v. United States Dist. Court (Kelly)*, 163 F.3d 530, 540 (9th
04 Cir. 1998) (en banc). However, "[e]quitable tolling will not be available in most cases, as
05 extensions of time will only be granted if 'extraordinary circumstances' beyond a prisoner's
06 control make it impossible to file a petition on time." *Id.* (quoting *Alvarez-Machain v. United*
07 *States*, 107 F.3d 696, 701 (9th Cir. 1997)). "When external forces, rather than a petitioner's lack
08 of diligence, account for the failure to file a timely claim, equitable tolling of the statute of
09 limitations may be appropriate." *Miles v. Prunty*, 187 F.3d 1104, 1107 (9th Cir. 1999) (applying
10 equitable tolling where delay on the part of prison officials was beyond petitioner's control and
11 petitioner demonstrated due diligence in submitting habeas petition). As stated by the Ninth
12 Circuit, in each of the cases in which equitable tolling has been applied, "the misconduct [of either
13 state officials or petitioner's counsel] has actually prevented the prisoner from preparing or filing
14 a timely petition." *Shannon v. Newland*, 410 F.3d 1083, 1090 (9th Cir. 2005), *cert. denied*, 126
15 S. Ct. 1333 (2006). Petitioner bears the burden of proving his entitlement to the equitable tolling
16 of his statute of limitations. *Spitsyn v. Moore*, 345 F.3d 796, 799 (9th Cir. 2003).
17 Petitioner asserts a significant change in the law – through the Washington Supreme Court's
18 decision in *Andress* – as a basis for reviewing his petition. However, as asserted by respondent,
19 the Washington Court of Appeals determined that *Andress* did not apply to petitioner's conviction.
20 (*See* Dkt. 11, Ex. 6.) This argument does not provide any basis for equitable tolling.
21  Petitioner further argues that his claim may proceed because the Washington Supreme
22 Court Commissioner declined to apply a procedural bar and considered the merits of his claim in

REPORT AND RECOMMENDATION
PAGE -4

01 denying discretionary review. (*See id.*, Ex. 8). However, petitioner cites inapposite cases

02 concerning exhaustion in support of this argument. *See*, *e.g.*, *Greene v. Lambert*, 288 F.3d 1081,

03 1086-88 (9th Cir. 2002) (finding claim exhausted where Washington Supreme Court considered

04 merits). In this case, as discussed above, petitioner is barred by a time limit, not by a failure to

05 exhaust. As such, this argument also does not provide any basis for equitable tolling.

06 Because petitioner fails to identify any extraordinary circumstances beyond his control that

07 prevented him from filing a timely habeas petition, his petition should be denied and this action

08 dismissed with prejudice. No evidentiary hearing is required as the record conclusively shows that

09 petitioner is not entitled to relief. A proposed order accompanies this Report and

10 Recommendation.

11 DATED this 11th day of September, 2007.

Mary Alice Theiler
United States Magistrate Judge