UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

RAMONE ECHOLS,

        Petitioner,

  v.

JOHN GAY,

        Respondent.

No. C07-0483MJP

ORDER DISMISSING
PLAINTIFF'S OBJECTIONS
TO THE REPORT AND
RECOMMENDATION

This matter comes before the Court on a report and recommendation by the Honorable Mary A. Theiler, United States Magistrate Judge, regarding Petitioner's petition for a writ of habeas corpus under 28 U.S.C. § 2254. Having reviewed the petition, Respondent's motion to dismiss, the Report and Recommendation, Petitioner's objections, and the balance of the record, the Court finds and ORDERS as follows:

(1) Petitioner's objections are DISMISSED. Petitioner did not timely make his objections to the Report and Recommendation. Petitioner was required to submit objections by October 2, 2007, but none were received until October 4, 2007.

(2) Even if the Court were to address the merits of Petitioner's objections dismissal would be appropriate. First, Petitioner argues that the Commissioner of the Washington Supreme Court waived the one-year limitations period for filing collateral attacks under RCW 10.73.090 when he reviewed Petitioner's motion for discretionary review on the merits. (Dkt. No. 11, Ex. 8.) However,

ORDER - 1

Petitioner does not cite any support for this claim.  Moreover, in Washington, courts do not have authority to waive or alter a statutory limitations period. <u>Shumway v. Payne</u>, 136 Wn.2d 383, 398-399 (Wash. 1998).  Thus, the Commissioner's review of the merits could not waive or alter the limitation period under RCW 10.73.090 in the case at hand.

Finally, because the <u>federal</u> statute of limitations has run, and he is not entitled to equitable tolling, Petitioner is time barred from filing a habeas petition. Petitioner argues that by reviewing the merits of his claim the Commissioner demonstrated the inadequacy of the one-year limitations period under RCW 10.73.090.  <u>Powell v. Lambert</u>, 357 F.3d 871, 876 (9th Cir. 2004)("to constitute an adequate state ground, the procedural rule must be clear, consistently applied, and well-established at the time of petitioner's purported default."(internal citations and quotations omitted)).  Although the Washington Supreme Court unnecessarily reached the merits of Petitioner's challenges, Petitioner's argument here is misplaced.  As Magistrate Judge Theiler noted, Petitioner is timed barred by the one-year limitations period under 28 U.S.C. § 2244(d)(1), and is not entitled to the equitable tolling of this statutory limitations period.  Petitioner's one-year limitations period began to run on January 9, 1997, and was well expired by the time he filed this habeas petition on March 26, 2007.

Dated:   October 17, 2007.

  s/ Marsha Pechman
Marsha J. Pechman
United States District Judge

ORDER - 2