UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| RAMONE ECHOLS,<br><br>　　　　　　　　　　Petitioner,<br><br>v.<br><br>JOHN GAY,<br><br>　　　　　　　　　　Respondent. | No. C07-483 MJP<br><br>ORDER DENYING MOTION FOR CERTIFICATE OF APPEALABILITY |

　　　　This matter comes before the Court on Petitioner's Application for Certificate of Appealability. (Dkt. No. 20.)  Having considered Mr. Echols' motion and Defendant's response (Dkt. No. 22), the Court DENIES the motion for a certificate of appealability.

　　　　Under 28 U.S.C. § 2253(c) a petitioner may not appeal the denial of a habeas corpus petition unless the district court or a circuit court issues a certificate of appealability.  The Court may only issue a certificate of appealability "if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).  To satisfy this requirement, the petitioner must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" Slack v. McDaniel, 529 U.S. 473, 484 (2000) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 & n.4 (1983)).

　　　　In a case like this one, where the claims were dismissed on procedural grounds, a certificate of appealability "should issue when the [petitioner] shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural

ORDER - 1

ruling." Id. But "[w]here a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." Id.

The Washington Court of Appeals confirmed Mr. Echols' conviction on direct appeal and entered its decision on December 9, 1996. Mr. Echols then had 30 days to file an appeal of that decision to the Washington Supreme Court. Mr. Echols' did not directly appeal his conviction to the Washington Supreme Court. Because he did not pursue direct review of his conviction, the decision of the Washington Court of Appeals became final thirty days after it was entered, on January 8, 1997.

28 U.S.C. § 2244(d) states that "[a] 1-year period of limitation shall apply to an application for a writ of habeas corpus...." In Mr. Echols' case, the one year period of limitation began to run from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). Because Mr. Echols did not directly appeal his conviction to the Washington Supreme Court, the period of Mr. Echols' **direct review** was concluded on January 8, 1997, thirty days after the Washington Court of Appeals entered its decision. Mr. Echols' AEDPA one-year statute of limitations began to run on January 8, 1997 and expired on January 8, 1998. When Mr. Echols filed a habeas petition on March 26, 2007, it was well beyond the one-year statute of limitation.

The personal restraint petition which Mr. Echols filed in state court on September 14, 2005 was a collateral attack on his conviction and could not seek direct review of the conviction. Because the petition is collateral, it is not a continuation of the direct review of Mr. Echols' conviction and has no affect on the date from which the AEDPA limitations period begins to run. Even if the Court were to accept that the personal restraint petition properly tolled the AEDPA statute of limitations for the period that the petition was pending (between September 14, 2005 and April 4, 2006) Mr. Echols' habeas petition would still be barred because it was not filed within one year of the date that the judgment against him became final on **direct review**. The time between the finality of direct review (January 8, 1997) and the time the collateral attack was filed (September 14, 2005) is not

ORDER - 2

tolled because there was no case "pending" during that interval.  "The AEDPA statute of limitations is tolled for 'all of the time during which a state prisoner is attempting, through proper use of state court procedures, to exhaust state court remedies with regard to a particular post-conviction application.'"  Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999).

Because no reasonable jurist would find it debatable whether the AEDPA statute of limitations bars review of Mr. Echols' habeas petition, the Court DENIES the motion.

The Clerk is directed to send copies of this order to all counsel of record.

Dated this 15th day of January, 2008.

/s/ Marsha J. Pechman

Marsha J. Pechman

U.S. District Judge

ORDER - 3